Several years after having obtained a divorce on the ground of adultery, in a suit by the husband for possession of the child, the evidence taken in the divorce suit is not enough to prove that the mother is yet unworthy of or unfit for the companionship and care of her minor child.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 783; Dec. Dig. ⟨⟫298(3).]

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Suit by the State, on the relation of Charles L. Henry, against Mrs. Chattie Lyons and another. From a judgment for defendants, relator appeals. Affirmed.

Ker & Feliu, of New Orleans, for appellant. Paul L. Fourchy, of New Orleans, for appellees.

O'NIELL, J. The relator obtained a divorce from the defendant, Chattie Lyons, on statutory grounds, in May, 1911. In his petition for divorce he demanded also the custody of their boy, then less than four years of age. The judgment of divorce, rendered by default, did not mention the custody or care of the child, who was left with the defendant.

In January, 1914, the relator instituted this suit to recover possession of his child from the mother and maternal grandmother. The case was submitted on the record in the divorce suit, and the testimony of the relator's mother, who testified that she was able and willing to take care of the child, and on the testimony of a neighbor who said that, as far as he knew, the relator's habits were good. Without hearing any evidence on behalf of the defendants, the dis-trict court rendered a judgment of nonsuit, from which the relator has appealed.

The child was between seven and eight years of age when this suit was tried. There is no proof that the mother is not deserving of the custody of her child, except the evidence taken on confirmation of the judgment of divorce, nearly three years before the trial of the present suit. From the fact that no evidence was offered on the trial of this case to prove that the conduct of the child's mother is not good, we assume that she has reformed since she was sued for a divorce, and that she is now as worthy of the custody and companionship of her child as is the relator. The child is yet at an age when he needs the care of a good mother. The evidence shows that the relator was prosecuted in the criminal court for nonsupport of the child, pleaded guilty and was condemned to pay alimony. We find no error in the judgment appealed from. It is therefore affirmed.

---

(71 South. 507)

No. 20467.

LEVY v. LEVY.

(April 3, 1916.)

*(Syllabus by the Court.)*

EVIDENCE ⟨⟫445(6) — PAROL EVIDENCE — AGENCY—SUBSEQUENT AGREEMENT.

In a suit for an accounting by a principal against his agent, in which is combined other demands, it is competent for defendant to prove by oral evidence instructions subsequent in date to that of the written power of attorney, given by the principal to the agent, referring to expenses of the principal which were paid by the agent.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2061; Dec. Dig. ⟨⟫445(6).]

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Alfred M. Barbe, Judge.

Action by Armand Levy against Samuel Levy. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

McCoy & Moss, of Lake Charles, for appellant. Pujo & Williamson, of Lake Charles, for appellee.

SOMMERVILLE, J. Plaintiff, the principal, sues defendant, his agent, for an accounting under a very full power of attorney, which contains, among many others, the power "to settle accounts," "to draw checks against all money on deposit in the Calcasieu National Bank and the State National Bank of Lake Charles," etc. He alleges that the defendant drew upon petitioner's bank accounts for things other than for the necessities and requirements of petitioner, and that he drew funds for his own personal use, approximating more than $1,600, and that of the money so drawn from the banks he recalls to have been used for himself and the members of his family the sum of $495. In addition to the suit for an accounting, plaintiff alleges that the defendant removed from a lot formerly belonging to petitioner a house belonging to him to a lot belonging to the agent which was worth between $1,800 and $2,000. He prays for judgment for such sum as may be found to be due under the account, and for $1,800, the value of the house referred to.

Defendant answered that the items complained of in the account were for expenses incurred for and on behalf of plaintiff, and for his interest, and he tendered the house back which had been taken from the lot of plaintiff.

There was judgment in favor of plaintiff and against defendant in the sum of $1,525; which included the value of the house claimed in the petition. Defendant has appealed.

The evidence discloses that plaintiff was engaged in business at the time of the execution of the power of attorney, and that he fell ill. He was compelled to leave his home for a different climate, and he gave to the defendant, his brother, the full power of attorney above referred to.

While plaintiff was absent from his home, defendant deemed it his duty to go and see his brother, and he made three trips for that purpose, for which he charged on the account. In this case, where the principal and agent were brothers, and the visits by the defendant to the plaintiff were voluntarily made, without any request by plaintiff, and were such as were prompted by good feeling on the part of the former to the latter, the charges were properly disallowed.

"Where services are rendered for each other by near relatives or others constituting members of the same family, the law presumes that they are inspired by motives of affection, gratitude, or other considerations than those of a pecuniary nature; and in order to rebut this presumption there must be clear and unequivocal evidence of a promise or agreement to pay for the services rendered." Mechem on Agents, § 599.

While on these visits to his principal defendant, on the request of plaintiff, it is stated, sued out several writs of habeas corpus to have plaintiff released from the sanitariums in which he was confined at different times. Plaintiff objected to parol evidence going to show that he had authorized defendant to sue out such writs, on the ground that this is a suit for an accounting, and that evidence of other transactions not connected primarily with or growing out of the discharge of the duties undertaken and imposed by the power of attorney was incompetent; and the objection was sustained.

This is more than a suit for an accounting; it is a suit for a money judgment for money said to have been misappropriated, and for the value of a certain house which was alleged to have been taken by defendant from plaintiff's property. The evidence shows that the checks had been drawn by defendant; and it was competent for the defendant to show that the money had been expended for the benefit of the plaintiff. The drawing and spending of this money grew out of the discharge of the duties undertaken and imposed by the power of attorney. The suing out of

writs of habeas corpus may not have been mentioned in the power of attorney, but defendant was authorized to settle all accounts of plaintiff, and the settlement of the expenses for such writs was a settlement of plaintiff's accounts. As the instructions of plaintiff to defendant to sue out such writs was subsequent in date to the power of attorney, it was competent for defendant to show by parol that such instructions were given, if given. Such evidence would not vary or alter the written power of attorney. The ruling of the court rejecting such evidence was erroneous; and the case will have to be remanded for the purpose of permitting defendant to introduce the evidence tendered.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be set aside, and that this case be remanded to be proceeded with in accordance with law and the views expressed in this opinion; costs of appeal to be paid by plaintiff.